IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-cv-23-BO

| | |
|---|---|
| JASON LYNN REESE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| ANDREW SAUL, *Commissioner of Social Security*,[1] | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, 20]. A hearing was held on these matters before the undersigned on February 4, 2020 at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion [DE 20] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits. Plaintiff filed his application in March 2015. Plaintiff was given a hearing in front of an ALJ, who issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g) this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, plaintiff argues the ALJ (1) failed to account for plaintiff's concentration, persistence, and pace ("CCP") limitations, (2) failed to resolve a conflict between the DOT and the VE's testimony, (3) failed to assign appropriate weight to a treating physician, and (4) failed to consider the plaintiff's mother's testimony.

The ALJ adequately accounted for plaintiff's CCP limitations. The ALJ discussed the relevant CCP evidence and included a CCP restriction in the RFC. Tr. 19–24. The evidence does not demonstrate that further CCP restrictions are necessary. With respect to the alleged conflict between the DOT and the VE's testimony, the expert opined that the representative occupations could be performed within the parameters of the RFC. The ALJ specifically asked the VE about a potential discrepancy between the DOT and the VE's testimony and was satisfied by the VE's reconciliation of the two. The ALJ reasonably relied on the VE's answer in making his decision.

The ALJ assigned Dr. Freeman's, a treating physician, opinion partial weight. The ALJ gave the opinion weight where it was consistent with other medical opinions and the rest of the record. Tr. 23. But Dr. Freedman's opinion that plaintiff was unable to work is the administrative finding on which this case turns and is not entitled to controlling weight. The ALJ reviewed the

3

medical evidence showing that plaintiff's grand mal seizures were well treated with medication, and that plaintiff's five-day EEG test showed no indication of seizures, which plaintiff claimed occurred daily. Given that the ALJ engaged in detail with Dr. Freedman's opinion, the Court cannot say that it was improperly discounted. Finally, the ALJ placed more weight on the medical records, including plaintiff's EEG test, than Mrs. Reese's testimony. This Court does not sit to reweigh the evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

In sum, the ALJ committed no reversible error and remand is not appropriate. Plaintiff's motion for judgment on the pleadings must be denied, and defendant's motion must be granted.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 20] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___7___ day of February, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE